UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 17-56476

RONALD TIMOTHY SMITH,                               Chapter 13

                 Debtor.                   Judge Thomas J. Tucker
_____/

**ORDER DENYING DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY**

      This case is before the Court on a motion filed by the Debtor on December 19, 2017, entitled "Motion to Extend the Automatic Stay Under 11 U.S.C. § 362(c)(3)(B)" (Docket # 17, the "Motion"). The Court will deny the Motion, because it was not timely filed, and was filed too late to enable the Court to comply with the 30-day hearing deadline of 11 U.S.C. § 362(c)(3)(B) while still giving proper notice to creditors of the hearing.

      Under 11 U.S.C. § 362(c)(3)(B), in order for the Court to extend the automatic stay, a hearing on a motion to extend the automatic stay must be completed within 30 days after the filing of the case. Because of the statute's 30-day hearing deadline, E.D. Mich. LBR 4001-4(a) requires that a motion to extend the stay be filed and served within seven days after the bankruptcy petition is filed. LBR 4001-4(a) provides further: "When such a motion is filed, the court will schedule a hearing with a notice to all parties in interest. If the movant has not received a notice of hearing within seven days after filing the motion, the movant may contact the judge's courtroom deputy clerk to obtain a hearing date within the time limit established by law."

      Debtor filed his voluntary petition for relief under Chapter 13 in this case on November 29, 2017. Debtor did not file his Motion until December 19, 2017, which was 20 days after the petition date, and therefore 13 days after the deadline to file such a motion under LBR 4001-4(a). The Motion was filed only 6 business days before the 30-day hearing deadline expires on

December 29, 2017.[1]

Given the extremely late filing of the Motion, and the Motion coming as it does right before the Christmas holiday, it is not possible to give creditors sufficient prior notice of the Motion and of the hearing on the Motion, and still hold a hearing no later than December 29, 2017, as the statute requires. Because of this, the Motion must be denied.

Accordingly,

IT IS ORDERED that the Motion (Docket # 17) is denied.

**Signed on December 20, 2017**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

---

[1] Monday, December 25 is, of course, Christmas Day, a legal holiday. In addition, this Court is closed on Tuesday, December 26, so the Court does not count that as a business day.